Eliza Southwood
vs.
Ernest B. Hodson, Adm'r. } Law No. 84241.

March 26, 1931.

CHURCHILL, J. This is an action brought against the administrator of the estate of John Hodson to recover for services rendered by plaintiff as a housekeeper for John Hodson.

The claim filed in the Probate Court was for the sum of $6,552 and covered a period of 18 years.

After the defendant was appointed administrator and before the commencement of this action, he, with one Edward P. Dyer, went to the home of John Hodson, where the plaintiff was still living, and after some conversation the plaintiff signed an instrument purporting to be a general release of all claims which the plaintiff had against Ernest B. Hodson as administrator or against the estate of John Hodson. This instrument was under seal.

It was admitted by the plaintiff that she wrote her name in the body of the release in two places and that she executed the instrument at the bottom thereof. There were no relations of trust or confidence existing between the parties. No valuable consideration was received by the plaintiff at the time for her execution of the document, unless certain pieces of furniture of small value given her by the administrator be viewed in that light.

It is urged on behalf of the plaintiff that the instrument was executed by her under false representations made by the defendant at the time of the execution of the document and under a mistake by her as to the effect of the instrument, and also that she was "of less than average intelligence."

As to the last point it is sufficient to say that there was no testimony sufficient to warrant a finding by the

Court that she was lacking in average intelligence, nor was her bearing on the witness stand indicative of deficient mentality.

Plaintiff testified that after some conversation in relation to furniture in the house, the defendant requested her to sign the paper, which she identified at the trial, in order that he might sell the furniture, and that she wrote her name in the body of the instrument without reading the paper. She at first denied that she had signed her name at the bottom of the paper but finally acknowledged that she so executed it.

The testimony of the defendant and Dyer, who was a witness to the instrument, in substance was that the defendant asked Mrs. Southwood, if there was anything owed her by John Hodson, that she answered no; that she made claim to certain articles of furniture; that she was asked if she wanted any of the furniture and that she thereupon said that she would like a desk and an art square made of linoleum; that at some time before the paper was executed, she asked if that was all she was going to get and was advised that if she wanted anything more, it was the time to ask for it. She replied in the negative. The paper was read to her and after it was read, she signed it. The defendant took the release and left the house.

On the weight of the testimony I find there were no misrepresentations made by the defendant as to the contents of the instrument, the purpose for which it was desired, or the effect thereof; that the plaintiff knew that it was a release of all the claims she had against the estate of John Hodson and that she was not laboring under a mistake either of law or of fact in relation to the release at the time of its execution.

Decision for the defendant.

For plaintiff: James H. Kiernan.

For defendant: William H. McSoley.